IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

MILAGROS GOTA,

Petitioner,

v.

SAMUEL OLSON, Director, ICE Field Office;
MARKWAYNE MULLIN, DHS Secretary;
DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, Acting Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
Warden, Midwest Regional Reception Center,

Respondents.

Case No. 26-3284-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

As her sole basis for relief stated in the petition, petitioner challenged her mandatory detention under 8 U.S.C. § 1225(b)(2), arguing that she should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In its answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute, which also notes that petitioner has requested a review by the immigration court. Thus, the Government, while arguing that petitioner cannot now succeed on her claim as

stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of her request for release on bond.

The Court agrees with the Government that because petitioner is now detained under Section 1226(a), petitioner's claim of wrongful detention under Section 1225(b)(2) fails. Petitioner did not file a traverse by the deadline; thus petitioner has not disputed that she is now eligible to receive a bond hearing or that her petition no longer states a cognizable claim for relief. Accordingly, the Court denies the petition.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, Case No. 26-3275 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* slip. op. at 3 n.2. That admonition applies here as well.